IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLYDE DALE EVANS, #34006-177,       § | | |
| Petitioner,       § | | |
| § | | |
| v.       § | | 3:09-CV-0944-L |
| § | | (3:05-CR-113-L(03)) |
| UNITED STATES OF AMERICA.       § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties:  Petitioner is presently confined within the federal Bureau of Prisons (BOP). The court has not ordered the government to respond pending preliminary screening.

Statement of the Case:  On May 30, 2006, Petitioner pled guilty to possession of a controlled substance with intent to distribute pursuant to a plea agreement. *United States v. Evans,* 3:05cr113-L(03).  Punishment was assessed at 188 months imprisonment, and a four-year term of supervised release. *Id.*  Petitioner appealed his sentence.  On December 20, 2007, the Fifth Circuit Court of Appeals granted the government's motion to dismiss the appeal. *See* No. 07-10596.

On May 1, 2009, Petitioner filed a letter seeking leave to file a § 2255 motion out of time,

explaining that in September 2007 he was nearly beaten to death as a result of an assault at his prison unit. The District Court construed the letter as a motion to vacate sentence under § 2255 and referred the matter to the undersigned, who in turn notified Petitioner, in accordance with *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786 (2003), that he must allege all claims with respect to his conviction and sentence or his § 2255 motion would be dismissed.

On July 20, 2009, Petitioner filed an amended § 2255 motion on the court approved form alleging two claims. Specifically, Petitioner seeks to raise two sentencing claims – i.e., an arithmetic error in the calculation of his sentence, and an error with respect to his criminal history category.

<u>Findings and Conclusions</u>: Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

In his letter filed on May 1, 2009, Petitioner concedes that his § 2255 motion was filed more than one year after his conviction became final because of the serious medical injuries endured as a result of the 2007 assault. *See* 28 U.S.C. 2255(f). Specifically, he alleges that he was nearly beaten to death as a result of this assault, and that he underwent plastic surgery and experienced a total paralysis of the left side of his face and a painful head trauma, for which he sought medical treatment and took pain medications.

Even assuming Petitioner were entitled to equitable tolling of the one-year limitations period, the sentencing claims alleged in his amended motion to vacate are not cognizable under § 2255. It is well established that misapplication of the Sentencing Guidelines does not give rise

to a constitutional issue cognizable under 28 U.S.C. § 2255. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994). Under § 2255, a petitioner may raise only constitutional errors and other injuries that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. *See Faubion,* 19 F.3d at 233. Therefore, Petitioner's claims are not cognizable under § 2255 and this case should be dismissed.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court summarily DENY and DISMISS with prejudice the motion to vacate, set aside or correct sentence. *See* Rule 4(b) of the Rules Governing § 2255 Cases.

A copy of this recommendation will be transmitted to Petitioner.

Signed this 27th day of July, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.